NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAKAH INDIAN TRIBE,

       Plaintiff-Appellee,

  v.

QUILEUTE INDIAN TRIBE; QUINAULT
INDIAN NATION,

       Defendants-Appellants,

HOH INDIAN TRIBE; et al.,

       Real Parties in Interest.

No. 18-35369

D.C. No. 2:09-sp-00001-RSM

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted September 27, 2019**
San Francisco, California

Before: HAWKINS, McKEOWN, and NGUYEN, Circuit Judges.

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We remanded this case to the district court to redraw the western boundaries of the ocean Usual and Accustomed Grounds and Stations ("U&A") for the Quileute and Quinault tribes. The facts are familiar to the parties, and detailed in our earlier opinion, so we do not repeat them here. *See Makah Indian Tribe v. Quileute Indian Tribe*, 873 F.3d 1157, 1159–60 (9th Cir. 2017).

On remand, in redrawing the precise boundary for where the Quileute tribe could fish, the district court started with the same northernmost point it had previously used and drew a line forty miles west. *See id.* at 1167–68. But instead of following the longitude to set the western boundary, as it did in its first delineation, *see id.* at 1168, it drew a line south that was parallel to the coastline. It did the same for the Quinault tribe, using the relevant thirty-mile boundary from the Quinault U&A.

We conclude that sufficient evidence supports the redrawn boundaries and that they are fair and consistent with our previous decision. *See id.* at 1168. The boundaries set by the district court capture the respective outermost points that the Quileute and Quinault tribal fishermen would have traveled in 1855 in accordance with the U&A, and we affirm the district court.

**AFFIRMED.**